ORDER
Clarification granted. The intent of our original order, dated November 30, 1992, was to adopt respondent’s alternate proposal, as modified by the disciplinary board, allowing respondent limited practice during the first year of her deferred suspension in the area of poverty law or representation of indigents, but excluding her from representing battered women. 608 So.2d 185. A copy of that recommendation is annexed to this order.
ORTIQUE, J., not on panel.
RECOMMENDATIONS BY DISCIPLINARY BOARD TO THE SUPREME COURT OF LOUISIANA
Considering the affidavit of consent filed by Victoria Alexander, disciplinary counsel’s concurrence in consent discipline, and the supplemental statement submitted by Ms. Alexander and disciplinary counsel, the Disciplinary Board approves of the proposed discipline.
The terms of the discipline are as follows:
1. Ms. Alexander shall be suspended from the practice of law for a period of three (3) years with the suspension being deferred subject to the following conditions.
2. During the first year of the deferred suspension, Ms. Alexander will be allowed a limited practice in the area of poverty law or representation of indigents through a legal aid clinic or public legal services corporation or other community service corporation for compensation, as provided by the legal aid clinic or publie legal services corporation, or by receiving attorneys’ fees as provided by the court for representing indigents. During the year of limited practice in the area of poverty law, Ms. Alexander will not be allowed to represent battered women in civil or criminal matters.
3. After the first year of the deferred three year suspension, Ms. Alexander will be allowed an unlimited practice of law, subject to two (2) years of supervised probation. Anne E. Tate, a member in good standing of the Louisiana State Bar, shall act as supervisor of Ms. Alexander’s probation in the manner and as agreed to in writing with disciplinary counsel.
4. The three (3) year suspension will become operational if at any time during the period of the deferred suspension any of the following occurs:
a. Ms. Alexander practices in violation of the limited poverty practice described above during the first year of the deferred suspension;
b. Ms. Alexander fails to continue medical treatment as required by her doctor;
c. Ms. Alexander violates the Rules of Professional Conduct;
d. the probation imposed in Ms. Alexander’s criminal case is revoked or altered due to any probation violation; or
e. any other reason described in the petition for discipline by consent filed in the record.
Disciplinary Board of the Louisiana State Bar Association
Elizabeth A. Alston
L.R. Brammer, Jr.
Robert M. Contois, Jr.
Frank Gremillion
T. Haller Jackson, III
Christine Lipsey
Edmund McCollam
Dr. Clifton R. Tennison
By: /s/ Christine Lipsey
Christine Lipsey
Date: 10/8/92
*285 Not Participating: Trevor G. Bryan
Dissenting: Nils R. Douglas Orlando N. Hamilton, Jr. Thomas W. Sanders